UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINGER GROVES, on behalf of
herself and those similarly situated,

    Plaintiff,

v.                                                  Case No. 8:12-cv-629-T-24 TBM

JERRY CUGNO and ESSENTIAL
MASSAGE & FACIALS, LLC,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Dismiss. (Doc. No. 12). Plaintiff opposes the motion. (Doc. No. 15). As explained below, the motion is granted.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in her amended complaint (Doc. No. 3): Plaintiff Ginger Groves was employed by Defendants Jerry Cugno and Essential Massage & Facials, LLC ("Essential Massage") as a massage therapist. During her employment with Defendants, Plaintiff contends that she was not paid overtime for the time that she worked in excess of forty hours per week. Therefore, she asserts an FLSA overtime claim against Defendants.

## III. Motion to Dismiss

In response to the amended complaint, Defendants filed the instant motion to dismiss. Defendants first argue that dismissal is appropriate because Plaintiff did not sufficiently allege a factual basis for her claim. The Court rejects this argument and concludes that Plaintiff has sufficiently pled a factual basis for her overtime claim.

Next, Defendants argue that the claim should be dismissed, because Plaintiff has not adequately alleged an "enterprise theory of liability." It appears that Defendants are conflating two separate issues: (1) whether the FLSA applies to a specific employer, which requires a determination as to whether the annual dollar volume for the business enterprise meets the requirements of 29 U.S.C. § 203(s); and (2) whether Cugno and Essential Massage are joint

employers. Upon review of the amended complaint, it appears that Plaintiff has alleged, at least implicitly, that Essential Massage is an enterprise engaged in commerce that has an annual gross volume of sales made or business done of at least $500,000. Furthermore, by virtue of the allegation that both Cugno and Essential Massage were her employer, it appears that Plaintiff's theory of liability for Cugno may be that he is a managing member of Essential Massage that had operational control over the business such that he can be considered Plaintiff's employer and would be jointly and severally liable for FLSA violations. However, the Court agrees with Defendants that Plaintiff's allegations regarding enterprise coverage and the basis for Cugno's alleged status as her employer are somewhat lacking. As such, the Court grants dismissal of the amended complaint, but will give Plaintiff leave to amend to correct these deficiencies.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (Doc. No. 12) is **GRANTED**. Plaintiff is directed to file a second amended complaint by June 21, 2012. Failure to timely file a second amended complaint will result in this case being closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record