UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINGER GROVES,

     Plaintiff,

v.                                      Case No.  8:12-cv-629-T-24-TBM

JERRY CUGNO, and
ESSENTIALS MASSAGE & FACIALS, LLC,

     Defendants.

_____/

## ORDER

    This cause comes before the Court on the Motion for Summary Judgment filed by Defendants Essentials Massage & Facials, LLC and Jerry Cugno (Dkt. 56), which Plaintiff Ginger Groves opposes (Dkt. 74).  Also before the Court is Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 61), and Defendants' Supplemental Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 62); Plaintiff did not file a response to either motion.

## I.    BACKGROUND

    In November 2010, Defendant Gerald Cugno and his then fiancée, Deborah Tucker, hired Plaintiff to work for Defendant Essentials Massage & Facials, LLC ("Essentials Massage") as an aesthetician at a spa in Safety Harbor, Florida.  Cugno had formed Essentials Massage in October 2010, upon opening the spa.  Cugno and Tucker were both members of the company, with Cugno designated as the managing member.  Cugno's individual tax return for 2010 showed that Essentials Massage's gross receipts did not exceed $500,000.

1

In 2011, Tucker became Essentials Massage's managing member (Cugno remained a member). According to Plaintiff, Cugno came into the Safety Harbor spa every day, ran its day-to-day operations, and controlled Plaintiff's schedule and wages. Plaintiff was employed at Essentials Massage until Cugno fired her on June 23, 2011.[1] Tucker's individual tax return for 2011 reported that Essentials Massage's gross receipts were $370,313.

Meanwhile, Cugno opened spas in different Florida cities, forming a separate company for each spa.[2] Cugno's individual tax return for 2011 reflects that the combined gross receipts of his various other companies totaled $1,184,922.

In March 2012, Plaintiff filed a one-count complaint for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") against Essentials Massage and Cugno individually. (Dkt. 1.) The complaint alleges that Plaintiff was employed by an enterprise covered by the FLSA, and that her employers were both Essentials Massage and Cugno. (Dkt. 21.)

On November 15, 2013, following a difficult discovery process and an extension of pretrial deadlines, Plaintiff filed a motion to sanction Defendants' willful and continued discovery violations by striking their affirmative defenses. (Dkt. 55.) The next day, Defendants filed a motion for summary judgment, arguing that: (1) Plaintiff cannot establish that Essentials Massage is a covered enterprise under the FLSA; and (2) Cugno was not Plaintiff's employer because he neither owned nor was involved in the day-to-day operations of Essentials Massage. (Dkt. 56.)

---

[1] In contrast, Defendants' affidavits attest that Tucker, and not Cugno, was the sole owner and operator of Essentials Massage, hired Plaintiff, set her schedules and wages, and fired her.

[2] In 2010, Essentials Massage was the operating entity for the spa in Safety Harbor and two other spas (in Riverview and in Clearwater). In 2011, Cugno formed separate companies for the latter two spas, leaving Essentials Massage as the operating entity only for Safety Harbor.

In response, Plaintiff asserted that she could not adequately respond to Defendants' summary judgment motion because of Defendants' repeated failure to produce relevant tax returns and the name of the accountant who prepared them.  (Dkt. 59.)  She also sought to strike their summary judgment motion as being untimely filed one day late.  (*Id*.)  Defendants in turn filed motions to strike Plaintiff's response as being untimely filed one day late.  (Dkts. 61, 62.)

After holding a hearing on Plaintiff's motion to sanction Defendants' discovery violations, the Magistrate Judge declined to strike their defenses but extended the deadlines so that Plaintiff could depose the accountant who had prepared the relevant tax returns and could file a response to Defendants' summary judgment motion.  (Dkt. 65.)  On February 25, 2014, Plaintiff filed a response to Defendants' summary judgment motion, arguing that enterprise coverage exists and that Cugno was Plaintiff's employer.  (Dkt. 74.)  However, because Plaintiff cannot establish enterprise coverage for the reasons explained below, the Court does not reach the issue of Cugno's employer status.

## II.      STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  *See Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  *See id.*  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts.

## III.    DISCUSSION

Under the FLSA, an employer must pay overtime compensation.  29 U.S.C. § 207(a)(1). However, an employee must establish one of two types of coverage—individual or enterprise—to be entitled to the FLSA's protections.  29 U.S.C. § 207(a)(2); *Thorne v. All Restoration Servs.,* 448 F.3d 1264, 1265-66 (11th Cir. 2006).  Here, Plaintiff argues only enterprise coverage.

To establish enterprise coverage, Plaintiff must show she is employed in an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) has an "annual gross volume of sales made or business done [of] not less than $500,000."  29 U.S.C. § 203(s)(1)(A).  The FLSA defines "enterprise" as the "related activities performed (either through unified operation or common control) by any person or persons for a common business purpose."  29 U.S.C. § 203(r)(1).

Defendants argue that Plaintiff cannot establish enterprise coverage because Essentials Massage's annual gross receipts did not exceed $500,000 during either year of her employment. Plaintiff does not dispute the fact that Essentials Massage does not meet the requisite $500,000 in annual gross volume of sales or business.  Nevertheless, Plaintiff argues for the first time that enterprise coverage exists because "Cugno is an enterprise covered under the FLSA," and points to Cugno's 2011 tax return showing that the gross receipts of Cugno's various companies (operating entities for spas not involved in this suit) totaled $1,184,922.  (Dkt. 74 at 5.)

At the outset, Plaintiff fails to address whether the "annual gross volume" prong of the enterprise coverage test was satisfied in the year 2010.  As for the year 2011, Plaintiff provides no factual or legal bases in support of her assertion that Cugno individually constitutes an enterprise, or otherwise explains what that assertion means.  Nor does Plaintiff explain the relevance of the

gross receipts of Cugno's other companies, *i.e.,* how those amounts can be used to satisfy the annual gross volume prong of enterprise coverage.[3]

Although Plaintiff argues that Cugno was her employer (because he controlled Essentials Massage and Plaintiff was economically dependent on him), this does not establish enterprise coverage.  Cugno's employer status is relevant to the question of liability, *i.e.,* whether he may be held individually liable along with Essentials Massage.  *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("Liability is based on the existence of an employer-employee relationship."). However, the question of enterprise coverage involves a different analysis, *id.*, which begins with identifying the "enterprise" of (1) related activities performed, (2) through a unified operation or common control, and (3) for a common business purpose, *see Donovan v. Easton Land & Dev., Inc.,* 723 F.2d 1549, 1551 (11th Cir. 1984) (citing 29 U.S.C. § 203(r)).  Plaintiff wholly fails to address these statutory elements for establishing an enterprise.

The Court need not address the parties' arguments regarding the "commerce" prong of enterprise coverage or whether or not Cugno individually was Plaintiff's employer.  Based on the record, there is no genuine issue of material fact regarding the annual gross volume prong of enterprise coverage, and Defendants' motion for summary judgment is therefore granted.

As for Defendants' motions to strike Plaintiff's original response to their summary judgment motion, they are denied as moot.

---

[3] In opposing Defendants' summary judgment motion, Plaintiff has presented no argument regarding whether Essentials Massage and the other companies listed on Cugno's 2011 tax return constitute a single enterprise, and therefore the Court does not address it.  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. . . . Rather, the onus is upon the parties to formulate arguments[.]").

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

A.      Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 61), and Supplemental Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 62) are **DENIED** as moot.

B.      Defendants Jerry Cugno and Essentials Massage & Facials, LLC's Motion for Summary Judgment (Dkt. 56) is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendants and to close this case.  The pretrial conference previously scheduled for April 15, 2014 is cancelled, and this case is removed from the Court's May 2014 trial calendar.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of March, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record